J-S26010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: M.A.M., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: M.A.M., A MINOR | |
| | No. 1539 MDA 2014 |

Appeal from the Dispositional Order August 13, 2014
In the Court of Common Pleas of Lancaster County
Juvenile Division at No(s): CP-36-JV-0000695-2013

BEFORE:  OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                                    **FILED JUNE 30, 2015**

M.A.M., a minor,[1] appeals from the dispositional order entered August 13, 2014, by the Lancaster County Court of Common Pleas, Juvenile Division.  The juvenile court adjudicated M.A.M. delinquent on the charge of arson (endangering persons),[2] and entered a dispositional order placing him on probation in the custody of his mother, directing him to receive individual and family counseling, as well as drug and alcohol services, and to complete 30 hours of community service.  On appeal, M.A.M. challenges the sufficiency of the evidence supporting his adjudication.  For the reasons below, we affirm.

---

[1] M.A.M. was born in May of 1997.

[2] 18 Pa.C.S. § 3301(a)(1).

The facts underlying M.A.M.'s adjudication were aptly summarized by the juvenile court as follows:

> On the evening of November 12, 2013, [M.A.M's] mother, ["Mother"] demanded that he take a drug test. [Mother] suspected that [M.A.M.] was using marijuana. This request sparked an argument between [M.A.M.] and [Mother] in the kitchen of the residence. The argument concluded with [M.A.M.] throwing his bowl of food off the kitchen table, leaving his Mother and stepfather, ["Stepfather"], to clean the kitchen floor.
>
> M.A.M. went directly to his room and retrieved two items: a white lighter and a key used to access the residence's garage. [M.A.M.] left his room, exited the residence through the front door, and used his house key to enter the garage where he retrieved a filled red gas can. [M.A.M.] then returned to the front porch where he doused gasoline on a series of hay bales positioned alongside the front door and under the overhang of the front porch. Covered in gasoline, [M.A.M.] lit the hay bales on fire using his lighter and knocked on the front window or door to get his mother's attention. [M.A.M.] then ran away from the house, looked back to see the fire spreading, and then left the scene.
>
> Hearing the knock, [Mother] approached the front windows and found the hay bales covered in flames. She yelled for [Stepfather] to call 911. Before the Fire Company and police department arrived, [Mother] used a garden hose to extinguish the flames on the hay bales. Police examined the scene and observed smoke and blackened soot around the front entrance of the home and charred hay bales strewn across the front porch. While the police were still examining the scene of the fire [M.A.M.] returned home. After engaging [M.A.M.] in discussion, the police conducted a search of his person which produced a white lighter. [M.A.M.] was taken into custody where, while in the presence of his parents, he confessed to setting the fire and provided a written admission detailing the same. [M.A.M.] stated that he set the fire out of anger to spite his mother for requesting that he take a drug test.

Juvenile Court Opinion, 11/6/2014, 2-3 (record citations omitted).

On November 15, 2013, a juvenile petition was filed against M.A.M., charging him with arson (endangering persons), and an adjudication hearing was held on April 17, 2014. At the conclusion of the hearing, the juvenile court found, beyond a reasonable doubt, that M.A.M. had committed the act of arson. On August 13, 2014, M.A.M. appeared for a dispositional hearing. At that time, the juvenile court adjudicated him delinquent on the charge of arson (endangering persons) and placed him on probation in the custody of Mother. Additionally, the court directed M.A.M. participate in individual and family counseling, receive drug and alcohol services, and complete 30 hours of community service. This timely appeal followed.[3]

M.A.M.'s sole issue on appeal challenges the sufficiency of the evidence supporting his adjudication. As with any sufficiency claim, our review of an adjudication of delinquency is well-settled:

> When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth.
>
> In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of

---

[3] On September 16, 2014, the juvenile court directed M.A.M. to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). M.A.M. complied with the court's order, and filed a concise statement on October 3, 2014.

the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.

The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth.

*In re V.C.*, 66 A.3d 341, 348-349 (Pa. Super. 2013) (quotation omitted), *appeal denied*, 80 A.3d 778 (Pa. 2013).

M.A.M. was adjudicated delinquent on the charge of arson. Arson is defined, in relevant part, as follows:

**(a) Arson endangering persons.**

(1) A person commits a felony of the first degree if he intentionally starts a fire … whether on his own property or on that of another, and if:

(i) he thereby recklessly places another person in danger of death or bodily injury, including but not limited to a firefighter, police officer or other person actively engaged in fighting the fire; or

18 Pa.C.S. § 3301(a)(1)(i).

Furthermore, with respect to subsection (a)(1)(i):

A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S. § 302(b)(3).

- 4 -

Here, M.A.M. concedes the evidence established he intentionally set fire to decorative hay bales on his front porch. *See* M.A.M.'s Brief at 12. However, he argues the evidence was insufficient to demonstrate that he consciously disregarded a substantial risk that a person would be injured or killed by his actions. With regard to the risk of injury, M.A.M. notes the "decorative hay bales [were] located several feet away from the home on a concrete porch[.]" *Id.* at 14. Moreover, he emphasizes that after setting the fire, he "knocked on the door to get his mother's attention," and his mother was then able to extinguish the fire in a very short time with a garden hose. *Id.* M.A.M. asserts "[t]he smoke was the result of the mere minutes it took to extinguish the fire[.]" *Id.* at 15. Furthermore, he states no one was injured as a result.

The juvenile court found the evidence was sufficient to support M.A.M.'s adjudication of arson (endangering persons) under subsection (a)(1)(i), that is, M.A.M. recklessly placed his mother and stepfather in danger of bodily injury when he intentionally set a fire on the porch of his house. The court explained its decision as follows:

> [M.A.M.] acted recklessly by setting flammable materials on fire, using a fire accelerant, and leaving the front porch ablaze and unattended despite the spreading fire. [M.A.M.] admitted that he poured gasoline on at least three hay bales and then lit the hay bales on fire. Despite the burning hay bales on the front porch, and risk of damage to the residence or its inhabitants, [M.A.M.] left the fire unattended. [M.A.M.] did so despite knowing a garden hose was nearby. As [M.A.M.] admitted, setting the fire was an act he had contemplated several times before[,] following arguments with his mother, and

- 5 -

on this occasion he started the fire "to get back at [his] mom." Finally, [M.A.M.] acted recklessly in that he appreciated the risk that the fire posed yet consciously disregarded the potential consequences. [M.A.M.] stated that after leaving the scene, he looked back to see that the fire was "spreading, thought about going back, but decided not to." The totality of [M.A.M.'s] actions in setting flammable materials on fire, using an accelerant, abandoning the fire, and consciously disregarding the risk of it spreading, all demonstrate that [M.A.M.] acted recklessly.

Finally, the Commonwealth presented sufficient evidence to show that [M.A.M.] placed his parents in danger of death or bodily injury by setting fire to the hay bales located on the residence's front porch. For purposes of 18 Pa.C.S. § 3301(a)(1)(i), persons at risk of danger of death or bodily injury include, but are not limited to "a firefighter, police officer or other person actively engaged in fighting the fire." [M.A.M.'s] parents were engaged in fighting the fire he started. The parent's reaction to the fire and damage the fire caused demonstrate the risk of death and bodily injury that the fire posed.

Initially, the Court notes that [M.A.M.] chose to use an accelerant, gasoline, to set fire to the hay bales. The use of an accelerant provided a heightened risk to the potency of the fire and the potential damage it could have caused. Once lit, the parents' reaction to discovering the fire on the front porch was telling. In response to seeing the hay bales, [Mother] yelled for her husband to call 911. On the 911 audio tape of [Stepfather,] the Court observed an individual coughing and alarm in [Stepfather's] voice.[4] In review of the crime scene, Officer

---

[4] The 911 audiotape is not included in the certified record before this Court. "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." *Commonwealth v. B.D.G.*, 959 A.2d 362, 372 (Pa. Super. 2008) (*en banc*) (citation omitted). Here, M.A.M. filed a motion in the juvenile court seeking supplementation of the record with Commonwealth's Exhibits 2 through 6, and 9, pursuant to Pa.R.A.P. 1926. However, he did not ask the court to supplement the record with Commonwealth's Exhibit 1, which

*(Footnote Continued Next Page)*

> Thomas J. Ziegler testified that he observed blackened soot inside and outside of the front door, and a heavy presence of smoke within the household. Given the use of an accelerant, the parent's reaction, and the Officer's observations of the crime scene, the evidence shows that the fire [M.A.M.] started placed his parents in danger of death, and at a minimum, bodily injury. Moreover, although [M.A.M.'s] parents later extinguished the fire, and no injuries were reported, the fact that no individual sustained an injury does not negate the above-stated evidence that [M.A.M.'s] parents were placed in danger of death or bodily injury.
>
> This Court is satisfied that the Commonwealth met the requirements for arson endangering persons under 18 Pa.C.S. § 3101(a)(1) beyond a reasonable doubt.

Juvenile Court Opinion, 11/6/2014, at 6-7 (record citations omitted).

Viewing the evidence, including M.A.M.'s statement to police, in a light most favorable to the Commonwealth, as verdict winner, we conclude the record amply supports the findings of the juvenile court. Here, M.A.M. intentionally set fire to hay bales located on the front porch of his home, and used an accelerant to ensure the fire would start. In doing so, M.A.M. recklessly placed his parents, who were inside the home at the time, in danger of bodily injury.[5] Although the fire was contained to the front porch

---
*(Footnote Continued)*

was the 911 recording. *See* N.T., 4/17/2014, at 5; Motion to Correct Record Pursuant to Pennsylvania Rule of Appellate Procedure 1926, 12/5/2014. Accordingly, any dispute M.A.M. may have with the court's characterization of the 911 call is waived.

[5] We note the statute does **not** require proof that a person was actually injured as a result of the fire, nor does it require a person was in danger of **serious** bodily injury. *See* 18 Pa.C.S. § 3301(a)(1)(i).

of the home and extinguished within a few minutes, Officer Ziegler, who was first on the scene, testified it was "very smokey (sic) and there was some soot around the inside and outside of the front door."  N.T., 4/17/2014, at 35.  Furthermore, as the juvenile court noted, M.A.M. admitted in his statement to police that he saw the fire spreading, "thought about going back, but [] decided not to."  *Id.* at 29.  This admission evidenced his reckless disregard for the safety of his parents either inside the home, or in their attempt to extinguish the fire outside the home.  Accordingly, we find the evidence was sufficient to support M.A.M.'s adjudication of arson under Section 3301(a)(1)(i).[6]

---

[6] We note that M.A.M. also argues the evidence was insufficient to support his adjudication under subsection (a)(1)(ii), which provides that a person is guilty of arson if he intentionally starts a fire "with the purpose of destroying or damaging an inhabited building or occupied structure of another."  18 Pa.C.S. § 3301(a)(1)(ii).  M.A.M. asserts the evidence did not support a finding that he intended to destroy or damage his home.  M.A.M.'s Brief at 15-16.  However, we conclude this argument is moot.  To support an adjudication of arson (endangering persons), the Commonwealth was required to demonstrate **either** that M.A.M. recklessly placed another in danger of bodily injury **or** he intended to destroy or damage his home.  *See* 18 Pa.C.S. § 3301(a)(1).  Because we agree the Commonwealth established the former, we need not address M.A.M.'s argument regarding the latter.

Dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/30/2015